HARRIET J. SIMPSON ET AL V. TEXAS TRAM AND LUMBER COMPANY.

Decided November 16, 1900.

**Partition—Recovery for Back Taxes Paid.**

Where an owner of land conveyed an undivided one-half of it by warranty deed, he is not entitled, in partition against a subsequent vendee of his grantee, to a judgment for one half the amount paid by him when he was the exclusive owner of the whole to clear the land of tax liens, in the absence of an agreement to that effect; and it is immaterial that plaintiff had formerly obtained the land in a suit against such vendee and her husband, it not being shown that she, at the time of such recovery, owned any interest in the land in her own separate right.

APPEAL from Aransas. Tried below before Hon. M. F. Lowe.

*J. B. Simpson,* for appellants.

*E. A. Stevens,* for appellee.

GILL, ASSOCIATE JUSTICE.—This suit was brought by appellee against appellants for partition of certain real estate alleged to be jointly owned by appellee and appellant Harriet J. Simpson, her husband, J. B. Simpson, being made party pro forma. Appellee also alleged that it had paid certain taxes due on the property so jointly owned, and prayed for judgment for half the amount so paid and that same be declared a lien upon the appellants' interest in the land.

A trial before the court without a jury resulted in a judgment for partition as prayed for. The court also found that appellee was entitled to a judgment for half the taxes alleged to have been paid out, and adjudged the same to be a lien on Mrs. Simpson's interest in the land, which lien was foreclosed. The part of the judgment decreeing partition is not complained of, but the action of the court with reference to the claim for taxes is assigned as error.

Briefly stated, the facts are as follows: Appellee acquired the land in controversy as a result of a suit against J. B. and Harriet J. Simpson. U. F. Short, an attorney at law, brought and conducted the suit under an oral agreement with appellee to deed him half the property recovered, in payment for his services. The suit resulted in a judgment in favor

of appellee for the entire land sued for, and for rents.  On the 11th of September, 1899, after the date of the above named judgment, appellee conveyed to said Short, by special warranty deed, an undivided half interest in the property so recovered.

On September 27, 1899, Short conveyed, by special warranty deed, his entire interest therein to Mrs. Simpson, the terms of the deed making it her separate property.  Neither in the deed from appellee to Short, nor from Short to Mrs. Simpson, was any mention made of taxes paid, liability therefor, or any reservation made with reference thereto.  The taxes claimed were shown to have been paid prior to the date of the deed to Short and at a time when appellee was absolute owner of the entire property in controversy.  There was no proof of the alleged oral agreement between Short and appellee that Short should be responsible for half the taxes paid.  The consideration in the deed from Short to Mrs. Simpson was $2500.  It was also shown that Short, as attorney for appellee, afterwards collected from her the rents and damages adjudged against her in the suit for the recovery of the land, and she also paid him the taxes herein sued for, but appellee showed that Short was not authorized to receive such payment.

It is urged by the appellant that the trial court erred in rendering judgment against her for any part of the taxes sued for, and we are of opinion that the contention should be sustained.  The facts show beyond dispute that the taxes were paid at a time when appellee was the sole and exclusive owner of the entire premises.  While it appears that appellant and her husband were defendants in the suit in which the land was recovered, it is not made to appear that Mrs. Simpson ever owned any interest therein save what she acquired by the deed from Short.  The payment by appellee of taxes as alleged amounted to no more than a discharge of tax liens upon property owned by it, and this effort to visit on subsequent vendees the responsibility for such taxes in proportion to the interest acquired can not be upheld.  The deed of appellee to Short was an absolute and unrestricted conveyance of an undivided half interest.  By a like conveyance from Short the land passed to Mrs. Simpson.  Appellee warranted the title to Short against claims by or under itself, and to uphold this suit against Short's vendee would be to permit a breach of that warranty.

The judgment of partition is not complained of, and will not be disturbed.  So much of the judgment as decrees to appellee a recovery of any taxes paid with foreclosure of lien therefor is reversed and judgment here rendered for appellant.

*Reversed and rendered.*